**CRIS C. VAUGHAN** (SBN 99568)
VAUGHAN & ASSOCIATES LAW OFFICE, APC
371 Nevada Street, #5338
Auburn, CA 95603
**Mailing Address:**
P.O. Box 5338
Auburn, CA 95604
Telephone: (833) 481-1245
cvaughan@adasolutionsgroup.com

Attorneys for Defendants,
BRE Westgate Property Owner LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ahmed Al-kubaisi,**<br><br>    Plaintiff,<br><br>  v.<br><br>**BRE Westgate Property Owner LLC; And DOES 1-10,**<br><br>    Defendant. | Case No.: **3:25-cv-02968-TSH**<br><br>**ANSWER TO COMPLAINT**<br><br>*[Demand for Jury Trial]* |

Defendant BRE Westgate Property Owner LLC; ("Defendant") by and through the undersigned attorney hereby submit the following Answer to the Complaint of Plaintiff, Ahmed Al-kubaisi, filed March 31, 2025 ("Complaint"), and states as follows:

**I.    PARTIES**

1. As to paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

2. As to paragraph 2, Defendant admits it owns the real property, but denies the remaining allegations.

3. As to paragraph 3, Defendant responds that this paragraph is an averment to which no response is required, but to the extent that one may be required, Defendant denies the allegations of this paragraph of the Complaint.

4. As to paragraph 4, Defendant admits it owns the real property, but does not operate the Home Depot located at 1933 Davis St. in San Leandro, California.

5. As to paragraph 5, Defendant admits it owns the real property, but does not operate any of the businesses located at 1933 Davis St. in San Leandro, California.

6. As to paragraph 6, Defendant admits it owns the real property and denies all the other allegations of this paragraph of the Complaint.

## II.   JURISDICTION

7. As to paragraph 7, Defendant admits the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Except as so admitted, Defendant denies the remaining allegations of this paragraph of the Complaint.

8. As to paragraph 8, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

9. As to paragraph 9, Defendant admits the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Except as so admitted, Defendant denies the remaining allegations of this paragraph of the Complaint.

## III.   FACTS

10. As to paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

11. As to paragraph 11, Defendant admits it owns the real property, but does not operate a business open to the public located at 1933 Davis St. in San Leandro, California.

12. As to paragraph 12, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

13. As to paragraph 13, Defendant is without knowledge or information sufficient

to form a belief as to the truth of these allegations and therefore denies the same.

14. As to paragraph 14, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

15. As to paragraph 15, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

16. As to paragraph 16, Defendant admits parking is provided.

17. As to paragraph 17, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

18. As to paragraph 18, Defendant denies the allegations of this paragraph of the Complaint.

19. As to paragraph 19, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

20. As to paragraph 20, Defendant denies the allegations of this paragraph of the Complaint.

21. As to paragraph 21, Defendant responds that this paragraph is an averment to which no response is required, but to the extent that one may be required, Defendant denies the allegations of this paragraph of the Complaint.

22. As to paragraph 22, Defendant denies the allegations of this paragraph of the Complaint.

23. As to paragraph 23, Defendant denies the allegations of this paragraph of the Complaint.

24. As to paragraph 24, Defendant denies the allegations of this paragraph of the Complaint.

25. As to paragraph 25, Defendant denies the allegations of this paragraph of the Complaint.

26. As to paragraph 26, Defendant denies the allegations of this paragraph of the Complaint.

27. As to paragraph 27, Defendant responds that this paragraph is an averment to which no response is required, but to the extent that one may be required, Defendant denies the allegations of this paragraph of the Complaint.

28. As to paragraph 28, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

29. As to paragraph 29, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

30. As to paragraph 30, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

31. As to paragraph 31, Defendant denies the allegations of this paragraph of the Complaint.

32. As to paragraph 32, Defendant denies the allegations of this paragraph of the Complaint.

33. As to paragraph 33, Defendant denies the allegations of this paragraph of the Complaint.

34. As to paragraph 34, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

35. As to paragraph 35, Defendant denies the allegations of this paragraph of the Complaint, since the alterations allegedly sought are not clearly identified in the Complaint.

36. As to paragraph 36, Defendant denies the allegations of this paragraph of the Complaint.

37. As to paragraph 37, Defendant denies the allegations of this paragraph of the Complaint.

38. As to paragraph 38, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

**FIRST CLAIM FOR RELIEF**

39. As to paragraph 39, Defendant hereby incorporates the previous paragraphs as if they had been fully stated herein.

40. As to paragraph 40, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

41. As to paragraph 41, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

42. As to paragraph 42, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

43. As to paragraph 43, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

44. As to paragraph 44, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that

a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

45. As to paragraph 45, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

46. As to paragraph 46, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

47. As to paragraph 47, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

48. As to paragraph 48, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

49. As to paragraph 49, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

50. As to paragraph 50, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

**SECOND CLAIM FOR RELIEF**

51. As to paragraph 51, Defendant hereby incorporates the previous paragraphs as if they had been fully stated herein.

52. As to paragraph 52, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

53. As to paragraph 53, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

54. As to paragraph 54, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

55. As to paragraph 55, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

56. As to paragraph 56, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

57. As to paragraph 57, Defendant responds that this paragraph contains purported recitations and conclusions of law that require no response, but to the extent that a response may be required, Defendant denies the allegations of this paragraph of the Complaint.

58. As to paragraph 58, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same

59. As to paragraph 59, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

60. As to paragraph 60, Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same

## DEFENSES

Defendant hereby asserts the following defenses to Plaintiff's claims for relief:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint, and each and every claim therein, fails to state a claim for which relief

can be granted and should, therefore, be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendant alleges on information and belief that Plaintiff is barred from seeking relief by the doctrine of unclean hands because Plaintiff sought out Defendant's business for the sole purpose of filing a suit for monetary gain and not to avail himself of Defendant's goods or services.

## THIRD AFFIRMATIVE DEFENSE

(Lack of Standing)

Defendant alleges on information and belief that Plaintiff lacks standing in that the alleged barriers do not impact his disability, and any alleged barriers have or will be remedied.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The purported barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

## FIFTH AFFIRMATIVE DEFENSE

(Effective Access)

The purported barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

//

//

### SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff is estopped by his conduct from recovering any relief under the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Although Defendant denies Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges, based on information and belief, that Plaintiff has failed to mitigate purported damages and further allege, to the extent to which any damages could have been mitigated, such sums should be deducted from any award of damages. Cal. Civ. Code §§ 55.3, et seq.; Moralez v. Whole Foods Market, Inc., et. Al., 2013 WL 3967639 (N.D.Cal.).

### NINTH AFFIRMATIVE DEFENSE

(Removal of Architectural Barriers was not Readily Achievable)

Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. section 12181

### TENTH AFFIRMATIVE DEFENSE

(Moot)

Defendant alleges on information and belief that Plaintiff's claims are moot as all alleged barriers, if any exist, have been removed.

//

//

**ELEVENTH AFFIRMATIVE DEFENSE**

(Damage Claims Barred by Lack of Actual Harm or Injury)

Defendant alleges on information and belief that Plaintiff is not entitled to an award of statutory damages because Plaintiff was not actually personally deterred, impeded, or deprived of equal access to Defendant's property/business while seeking Defendant's goods or services as alleged in the Complaint; and if Plaintiff presented himself at the subject facility as alleged in the Complaint, he did so for the specific purpose of looking for discriminatory access barriers rather than to avail himself of the goods and services offered by Defendant, thereby precluding Plaintiff under California law from obtaining the statutory damages he has requested in his Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

(No Damages)

Defendant is informed and believe and based thereon allege that Plaintiff has not suffered any damage as a result of any actions taken by Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Reasonable Portion of Facility Accessible)

Defendant is informed and believe and thereon alleges that the facility does not violate any codes, laws, regulations, or provisions alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by Plaintiff and other persons with disabilities.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendant and their agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

//

### FIFTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

Any allegedly wrongful acts or omissions performed by Defendant or their agents, if there were any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Dimensional Tolerances)

Plaintiff's claims are barred because the features identified in the Complaint substantially comply with the applicable law and are within dimensional tolerances.

### PRAYER

**WHEREFORE**, this answering Defendant prays judgment as follows:

1. That Plaintiff takes nothing by way of this Complaint;

2. That Judgment be rendered in favor of Defendant against Plaintiff and the Complaint be dismissed with prejudice;

3. That Defendant be awarded attorney's fees and costs of suit incurred in defense of this action;

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  May 5, 2025      VAUGHAN & ASSOCIATES LAW OFFICE, APC

*/s/ Cris C. Vaughan*
Cris C. Vaughan
Attorney for Defendant, BRE Westgate Property Owner LLC

//

//

//

//

//

**DEMAND FOR JURY**

This answering Defendant demands a jury pursuant to Federal Rules of Civil Procedure 38(b) on all issues raised in the Complaint of Plaintiff, Ahmed Al-kubaisi.

Dated: May 5, 2025   VAUGHAN & ASSOCIATES LAW OFFICE, APC

*/s/ Cris C. Vaughan*
Cris C. Vaughan
Attorney for Defendant, BRE Westgate Property Owner LLC